# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDELL DAVIS, IDOC # N82145, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-842-GPM |
| | ) |
| MICHAEL P. RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Wendell Davis, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eight years' imprisonment at the Stateville Correctional Center for burglary, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Davis's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Davis's pro se complaint and the documentation submitted by Davis in support thereof, on April 20, 2010, while Davis was working in the kitchen at the Centralia Correctional Center ("Centralia"), Defendant J. Grisham, a kitchen supervisor at Centralia, threatened to fire Davis and the rest of the kitchen crew on duty at the time; according to Davis, Grisham punctuated the statement by throwing a pan across the kitchen. With respect to Defendant J. Wubbels, a kitchen supervisor at Centralia, Davis alleges that Wubbels attempted to have Davis removed from his, Davis's, job in the kitchen at Centralia and on May 17, 2010, wrote a false disciplinary report charging that Davis had threatened him. According to Davis, Defendant D. Downs, a correctional officer at Centralia, refused to let Davis sign the disciplinary report and falsely checked a box on the report stating that Davis had declined to sign the report. Subsequently, Davis alleges, Davis requested that certain witnesses to the altercation between Davis and Wubbels that resulted in the May 17 disciplinary report be interviewed in advance of the

adjustment committee hearing on the disciplinary charge against Davis. According to Davis, Davis's request for witness interviews was delivered by Defendant C/O Loera to Defendants Wade A. Tippit and Stacy S. Gardner, who refused to interview the witnesses as requested; Loera, Tippit, and Gardner are correctional officers at Centralia. Apparently Tippit and Gardner later denied receiving a request for witness interviews from Davis. Davis alleges that he asked for a continuance of the adjustment committee hearing on the disciplinary charge against him so that his witnesses could be interviewed, but the continuance was denied. On May 19, 2010, a hearing on the disciplinary charge against Davis was conducted at Centralia before an adjustment committee consisting of Tippit and Gardner. According to Davis, both Grisham and Wubbels gave testimony at the adjustment committee hearing that was false and that Tippit and Gardner knew to be false. The adjustment committee found Davis guilty of the offense of intimidation or threats and sentenced Davis to three months' demotion to disciplinary grade C, three months' disciplinary segregation, revocation of three months' good-time credit, and disciplinary transfer. On May 20, 2010, Defendant Robert J. Bradley, the warden at Centralia, approved the adjustment committee's sentence. Davis filed a grievance regarding his disciplinary sentence that was denied by Defendant G. Feazel, a grievance counselor at Centralia, with Bradley concurring in the denial. The denial of Davis's grievance then was affirmed by Defendant Sherry Benton, a member of the IDOC's administrative review board, and the affirmance was concurred in by Defendant Michael P. Randle, the former director of the IDOC. Finally, Defendants Lt. Schaeffer and Unknown Party, who are correctional officers at Centralia, are alleged by Davis to have failed properly to investigate the disciplinary charge against Davis. Davis claims violations of his Fourteenth Amendment due process rights and demands compensatory and punitive damages.

With respect to Davis's allegations that Grisham and Wubbels addressed Davis in an abusive and threatening manner, such behavior, even if unprofessional, does not rise to the level of a constitutional violation. *See Chavez v. Illinois State Police*, 251 F.3d 612, 646 (7th Cir. 2001) ("While we certainly do not approve of racially insensitive remarks, such comments do not by themselves violate the Constitution."); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause. No more is a derogatory racial epithet.") (citations omitted); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1350 (7th Cir. 1985) (stating that "having to endure threatening or angry looks, mutterings and screamed profanities" does not amount to a deprivation of constitutional rights); *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993) (quoting *Patton*, 822 F.2d at 700) ("[C]itizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983."); *Matthews v. Clark*, Civ. No. S89-591, 1990 WL 610894, at *2 (N.D. Ind. Oct. 4, 1990) ("It is well-established that allegations of verbal abuse and threats, as well as threatening gestures and conduct by correctional officers and officials are insufficient grounds for relief under § 1983.") (collecting cases). Also, to the extent Davis is claiming that Grisham and Wubbels violated Davis's constitutional rights by threatening to remove Davis or trying to remove Davis from his job in the kitchen at Centralia, Davis has no constitutionally-protected interest in his prison job. It is well settled that "Illinois does not give every prisoner a right to hold a job, or any particular job." *Wallace v. Robinson*, 940 F.2d 243, 244 (7th Cir. 1991). *See also Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) ("[T]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that rise to a

violation of the Eighth Amendment."); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause."). Instead, the assignment of work to prisoners is a matter of prison administration that is committed to the discretion of prison administrators, and "[t]he existence of such discretion 'precludes the implication of a liberty interest deserving of due process protection.'" *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982) (quoting *Anthony v. Wilkinson*, 637 F.2d 1130, 1141 (7th Cir. 1980)) (brackets omitted). *See also Jackson v. O'Leary*, 689 F. Supp. 846, 849 (N.D. Ill. 1988); *Watts v. Morgan*, 572 F. Supp. 1385, 1388 (N.D. Ill. 1983).[1]

With respect to the balance of Davis's claims, these claims presents a straightforward collateral attack by Davis on the prison disciplinary sentence that he received at Centralia in the form of an action for damages under 42 U.S.C. § 1983. The disposition of Davis's Section 1983 challenge to his disciplinary sentence is equally straightforward: the Court cannot entertain a prisoner's collateral attack via a damages suit under Section 1983 on a prison disciplinary sentence that has not been expunged or invalidated. In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512

---

1. Curiously, Davis seems also to suggest that Wubbels's efforts to have Davis removed from his prison job were retaliatory. In general, a prisoner has a right under the First Amendment to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Here, however, Davis does not allege that he engaged in any constitutionally-protected speech or conduct.

U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* rule extends to civil rights claims arising out of prison disciplinary hearings, if those claims necessarily call into question the validity of sentences imposed by prison authorities for infractions of prison discipline. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a prisoner's claim for damages "based on allegations of deceit and bias on the part of the decisionmaker [in a prison disciplinary hearing] that necessarily imply the invalidity of the punishment imposed . . . is not cognizable under § 1983"); *Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996) (a claim for damages that necessarily questions the validity of a sentence imposed by a prison disciplinary committee is barred by *Heck*); *Clayton-El v. Fisher*, 96 F.3d 236, 244-45 (7th Cir. 1996) (a prisoner's Section 1983 claim against prison officials for alleged violations of the prisoner's procedural due process rights when placing the prisoner in segregation was *Heck*-barred).

The *Heck* bar "concern[s] the allocation between collateral review and damages actions as a matter of federal law" and, thus, has "no application when collateral review is unavailable – either because the plaintiff's custody has expired or because he was never 'in custody' as a result of the defendants' contested actions." *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). In the absence of such contingencies, then, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486).

Thus, the principal federal remedy for an allegedly improper prison disciplinary sentence is not 42 U.S.C. § 1983 and damages but an application for a writ of habeas corpus. In *Heck* the Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254.

512 U.S. at 486-87. *See also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (in a Section 1983 action arising out of a disciplinary ticket issued to a state prisoner, noting that *Heck* compels "resort to state litigation and federal habeas before § 1983" in cases where "a prisoner's [legal] challenge . . . threatens . . . consequence for his conviction or the duration of his sentence."); *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)) ("Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Where Davis's prison disciplinary sentence has not been invalidated, this suit must be dismissed; Davis's federal remedy is habeas corpus, not Section 1983.[2]

---

2. This does not mean, it is worth pointing out, that this Court is authorized to construe Davis's complaint in this case as a petition brought pursuant to 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, a prisoner's civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Davis's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Davis is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 14, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge